J-S10019-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANDREW JOSEPH ALLAM, SR. | |
| Appellant | No. 1798 EDA 2018 |

Appeal from the Order Dated June 11, 2018
In the Court of Common Pleas of Pike County
Criminal Division at No.: CP-52-CR-0000469-2009

BEFORE:  GANTMAN, P.J.E., STABILE, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J.:                    **FILED MAY 23, 2019**

Appellant Andrew Joseph Allam Sr. *pro se* appeals from the June 11, 2018 order entered in the Court of Common Pleas of Pike County ("PCRA court"), which denied his request for collateral relief under the Post Conviction Relief Act (the "PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The facts and procedural history of this case are undisputed.[1]  Between May 1, 2007 and August 21, 2009, Appellant had a sexual relationship with KS, a minor daughter of Appellant's paramour at the time.  Both the paramour and KS lived with Appellant throughout the time of these offenses.  KS, who

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Unless otherwise noted, these facts are taken from this Court's March 7, 2014 memorandum affirming the denial of Appellant's first PCRA petition. ***See Commonwealth v. Allam***, No. 959 EDA 2013, unpublished memorandum, at 1-2 (Pa. Super. filed March 7, 2014) (citing PCRA Court Opinion, 4/3/13, at 1-2), ***appeal denied***, 99 A.3d 75 (Pa. 2014).

was born in 1995, was between twelve (12) and fourteen (14) years old during this period. KS became pregnant with Appellant's child and gave birth in her residence. Upon arriving at the hospital, the state police were called. Following statements by KS to the police that Appellant had impregnated her, a further investigation revealed multiple sexual encounters occurred between Appellant and KS. The Commonwealth then filed the appropriate charges.

A jury trial was eventually held over a two-day period, commencing on November 18, 2010. The jury convicted Appellant of three counts of Rape of a Child, twenty counts of Involuntary Deviate Sexual Intercourse, seventeen counts of Statutory Sexual Assault, fifteen counts of Indecent Assault, and one count of Corruption of Minors.

On February 11, 2011, Appellant was sentenced to a term of forty to eighty years of incarceration, and Appellant was ordered to register with the state police as a sex offender pursuant to Megan's Law, 42 Pa.C.S.A. §§ 9795.1 *et seq*. Post-sentence motions were filed and denied, and on March 22, 2011, Appellant filed a timely notice of appeal. In a memorandum filed on December 2, 2011, this Court affirmed Appellant's judgment of sentence. *See Commonwealth v. Allam*, 40 A.3d 182 (Pa. Super. filed December 2, 2011) (unpublished memorandum). Our Supreme Court denied Appellant's petition for allowance of appeal on August 7, 2012. *See Commonwealth v. Allam*, 50 A.3d 124 (Pa. 2012).

On August 27, 2012, Appellant filed a timely PCRA petition, and the PCRA court appointed counsel. On December 6, 2012, counsel filed a motion

- 2 -

to withdraw and no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On December 12, 2012, the PCRA court granted counsel's motion to withdraw, informed Appellant of its intent to dismiss his PCRA petition within twenty days pursuant to Pa.R.Crim.P. 907, and directed Appellant that he had twenty days in which to respond. When the PCRA court received no response from Appellant, it entered an order on January 7, 2013, dismissing his PCRA petition. Appellant appealed to this Court, raising thirty assertions of error. In deciding the appeal, we observed that Appellant's "statement of the issues presented is merely a rambling attack on multiple facets of the trial court's proceedings" and "that nearly all of Appellant's issues presented were previously litigated in his direct appeal, were waived, or they are not cognizable claims under the PCRA." **Allam**, No. 959 EDA 2013, unpublished memorandum, at 6. Ultimately, on March 7, 2014, we affirmed the trial court's denial of Appellant's PCRA petition, concluding, *inter alia*, that Appellant's ineffectiveness claims, his only viable issues on appeal, lacked merit. On September 3, 2014, our Supreme Court denied Appellant's petition for allowance of appeal. **See Commonwealth v. Allam**, 99 A.3d 75 (Pa. 2014).

On August 10, 2016, Appellant *pro se* filed a "Petition to Correct Illegal Sentence," asserting that his sentence was illegal under **Alleyne v. United States**, 570 U.S. 99 (2013) and **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*), **appeal denied**, 121 A.3d 496 (Pa. 2015).

Treating the *pro se* filing as Appellant's second PCRA petition, the PCRA court, on September 23, 2016, issued a Rule 907 notice of its intention to dismiss. On October 13, 2016, Appellant filed his response to the proposed dismissal. Thereafter, Appellant submitted a number of *pro se* filings. On April 6, 2017, Appellant filed a "Motion to Compel Status of Intent to Dismiss PCRA."

During the pendency of his second PCRA petition, Appellant *pro se* filed his third PCRA petition on September 14, 2017, raising a claim under **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017).[2] On November 1, 2017, Appellant *pro se* filed a "Motion for Video Conference."[3] On January 10, 2018, Appellant filed a "Motion to Dismiss Charges for Violation of Pa. Crim. Rule 1100/600," requesting that the PCRA court permit him to amend the third PCRA petition to include a Rule 600 claim. On February 1, 2018, Appellant filed a "Petition to Amend Petitioner's Claim of Challenges to Legality of His Sentence to His Current PCRA Petition."

On February 6, 2018, the Commonwealth filed a "Motion to Dismiss PCRA Without Further Proceedings," asserting that Appellant's filings were untimely under the PCRA. On March 2, 2018, Appellant filed a response to the Commonwealth's motion. On March 8, 2018, Appellant filed a "Petition to

---

[2] In **Muniz**, our Supreme Court held that SORNA's registration provisions are punitive, and retroactive application of SORNA's provisions violates the federal *ex post facto* clause, as well as the *ex post facto* clause of the Pennsylvania Constitution.

[3] The PCRA court granted Appellant's motion for video conference on February 2, 2018.

Dismiss Criminal Action No. 469-2009 the Criminal Case Is Barred by the Doctrine of Collateral Estoppel And the Doctrine of Res Judicata."

Following a hearing on April 17, 2018, the PCRA court denied Appellant's filings in their entirety and granted the Commonwealth's motion to dismiss. Appellant appealed to this Court.

While his appeal was pending, Appellant on June 8, 2018 filed the instant "Motion to Unmerge Offenses," which the PCRA court denied on June 11, 2018. Appellant *pro se* timely appealed to this Court. Following Appellant's filing of a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, the PCRA court issued a Pa.R.A.P. 1925(a) opinion, addressing the merits of Appellant's merger claim.

On appeal,[4] Appellant raises two issues for our review:

> [I.] The court erred in not granting Appellant's motion to unmerge offenses the merger of said offenses are barred by 42 Pa.C.S.A. § 9765.

> [II.] The court cannot show that each merged offense arose from a single criminal act, nor can the court produce a single date to prove that a single criminal act had occurred violating Section 9765.

Appellant's Brief at iv (sic).

Instantly, based on our Supreme Court's holding in **_Commonwealth v. Lark_**, 746 A.2d 585 (Pa. 2000), we decline to address the merits of Appellant's

---

[4] "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" **_Commonwealth v. Fears_**, 86 A.3d 795, 803 (Pa. 2014) (quoting **_Commonwealth v. Rainey_**, 928 A.2d 215, 223 (Pa. 2007)).

merger claim but conclude that the PCRA court did not err in dismissing Appellant's June 8, 2018 motion, which the court properly treated as a PCRA petition. Indeed, it is settled that the PCRA provides "the **sole means of obtaining collateral relief** and encompasses all other common law and statutory remedies of the same purpose that exist when [the Act] takes effect[.]." 42 Pa.C.S. § 9542 (emphasis supplied); **see Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa. Super. 2013) ("any motion filed after the finality of a sentence that raises an issue that can be addressed under the PCRA is to be treated as a PCRA petition.").

In **Lark**, our Supreme Court held that while a "PCRA appeal is pending, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." **Lark**, 746 A.2d at 588. In **Commonwealth v. Montgomery**, 181 A.3d 359 (Pa. Super. 2018) (*en banc*), we reaffirmed that **Lark** "precludes consideration of a subsequent petition from the time a PCRA order is appealed until no further review of that order is possible." **Montgomery**, 181 A.3d at 364.

Here, because Appellant's appeal from the dismissal of his previous PCRA petitions still was pending in this Court at the time he filed the instant PCRA petition (motion to unmerge), the PCRA court lacked jurisdiction under **Lark** to entertain the instant petition. Accordingly, we affirm the PCRA court's

order dismissing Appellant's PCRA petition *sub judice* albeit on a different ground, *i.e.*, under **Lark**. [5]

      Order affirmed.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>5/23/19</u>

---

[5] We may affirm on any grounds supported by the record. **Commonwealth v. Rykard**, 55 A.3d 1177, 1183 (Pa. Super. 2012) ("This Court may affirm a PCRA court's decision on any grounds if the record supports it.").